UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>WILLIAM LENZ; NANCY LENZ; DAVID P. MAROSI; CHERYL A. FORD-MAROSI; THE MAROSI LIVING TRUST,<br><br>                    Defendants. | Case No. C22-442-RSM<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGEMENT |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Safeco Insurance Company of America ("Safeco")'s Motion for Summary Judgment (Dkt. #11) and Defendants William and Nancy Lenz (hereinafter, the "Lenzes") Motion for Partial Summary Judgement (Dkt. #32). The Lenzes oppose Safeco's Motion (Dkt. #21) and Safeco opposes the Lenzes' Motion (Dkt. #37). The underlying lawsuit giving rise to this action involves an action against the Lenzes by their neighbors in Washington State Superior Court on January 13, 2022 (the "Underlying Action"). In the instant action, Plaintiff Safeco seeks summary judgement on the issue of whether Safeco owes a duty of defense or indemnity to the Lenzes under its Homeowners Insurance Policy

ORDER - 1

("Homeowners Policy") and/or its Personal Umbrella Policy ("Umbrella Policy") for the claims and damages alleged in the Underlying Action. Defendants Lenzes seek partial summary judgement on Safeco's duty to defend or indemnify in the Underlying Action and attorney's fees. Dkt. #37 at 1. The Court has determined that it can rule without the need of oral argument. For the reasons set forth below, the Court GRANTS Plaintiff's Motion and DENIES Defendants' Motion.

## II. BACKGROUND

Defendants, the Lenzes, are insureds under Safeco's liability insurance policy. Dkt. #1 at ¶ 18. Safeco issued a Homeowners Policy and an Umbrella Policy (together, the "Policies") to the Lenzes which were effective at the time the Amended Complaint for Damages ("Complaint") was filed for the Underlying Action. *See id*. at ¶¶ 19, 20. The Lenzes tendered the Complaint to Safeco for defense and indemnity coverage pursuant to the Policies. *Id.* at ¶ 21. Safeco acknowledged the claim and began a coverage investigation. *Id.* at ¶ 22.

Generally, the Homeowners Policy provides coverage for "damages because of bodily injury or property damage caused by an occurrence." Dkt. #1-2, Policy Form HOM-7030/EP 1/09 at 14. Under the relevant part of the Homeowners Policy, "occurrence" is defined as "an accident." *Id.* at 24. The Homeowners Policy also defines "bodily injury" to mean "bodily harm, sickness or disease" and "property damage" to mean "physical damage or destruction of tangible property, including the loss of use[.]" *Id.* at 23, 25. Additionally, the Homeowners Policy includes an endorsement for "Personal Offense Coverage" which provides coverage for damages resulting from a "personal offense" in the following five categories of claims:

(1) false arrest, detention or imprisonment;

(2) malicious prosecution;

ORDER - 2

      (3) wrongful eviction or wrongful entry;

      (4) oral or written publication, in any manner, of material that slanders, libels or defames the character of a person, which occurs in any manner; or

      (5) invasion of privacy, which occurs in any manner.

Dkt. #1-2, Policy Form HOM-7350/EP 11/14 at 3. However, the personal offense endorsement excludes coverage for injuries by the insured caused intentionally with knowledge that the act would violate the rights of another. *Id.* at 1.

      Similarly, the Umbrella Policy provides coverage for "bodily injury," "personal injury," or "property damage" caused by an "occurrence." Dkt. #1-3, Policy Form P-967/WAEP 4/10 at 3. The definitions of these terms under the Umbrella Policy are substantively similar to the definitions of the same terms under the Homeowners Policy. *See id.* at 2. Likewise, the Umbrella Policy also includes an exclusion for injuries resulting from the insured's knowing violation of rights. *See id.* at 3.

      Safeco alleges that the above Policies do not afford coverage for the Underlying Action for three reasons: (1) the Complaint alleges the Lenzes intended to cause harm which Safeco inferred to mean that the Complaint did not allege an "occurrence" which is defined as an "accident;" (2) the emotional injuries alleged in the Complaint do not qualify as "bodily injury" or "property damage" within the relevant definitions of the Policies; and (3) the Complaint did not allege any of the "offenses" required to trigger "personal offense" or "personal injury" coverage. Dkt. #1 at ¶ 23. Safeco further argues that even if the alleged conduct was found to be covered by its Policies, the Policies' exclusions for intentional and knowing conduct would apply. Dkt. #1 at ¶ 36, 47.

ORDER - 3

For the reasons above, Safeco denied coverage to the Lenzes. *Id.* Safeco alleges that in response, the Lenzes threatened to sue Safeco if it did not reverse its position. *Id.* at ¶ 24. Safeco assigned counsel to defend the Lenzes in the Underlying Action with reservation of its rights including its ability to file the instant summary judgement action. *Id.* at ¶ 25. Safeco moves for summary judgement on its claims for declaratory judgment that as a matter of law there is no coverage or duty to defend the Lenzes with respect to the claims in the Underlying Action. The Lenzes move for partial summary judgement regarding Plaintiff Safeco's defense and indemnity obligations.

### III.  LEGAL ANALYSIS

**A. Legal Standard**

Summary judgment is proper only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial by "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  If the moving party satisfies this burden, the opponent must set forth specific facts showing that there remains a genuine issue for trial.  Fed. R. Civ. P. 56(e).

A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  If the evidence is merely colorable or is not

ORDER - 4

significantly probative, summary judgment may not be granted. *Id.* at 249-50. It is not the court's function at the summary judgment stage to determine credibility or to decide the truth of the matter. *Id.* Rather, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

### B. Coverage and Duty to Defend Under the Policies

In Washington, the standard for interpreting insurance contracts is well-settled. *Canal Ins. Co. v. YMV Transp.*, Inc., 867 F. Supp. 2d 1099, 1104 (W.D. Wash. 2011). "Interpretation of insurance policies is a question of law and the policy is construed as a whole with the court giving force and effect to each clause in the policy." *Id.* (citing *American Star Ins. Co. v. Grice*, 121 Wash.2d 869, 874, 854 P.2d 622 (1993)). The words of an insurance policy should be construed according to their ordinary meaning, according to how an average person would read the terms, as opposed to applying any technical interpretation. *Id.* If the provisions of an insurance contract are unambiguous and easily comprehended, the intent expressed in the policy will be enforced regardless of the intent of the parties. *Jeffries v. General Cas. Co. of America*, 46 Wash.2d 543, 283 P.2d 128 (1955). But if an insurance contract is ambiguous "and fairly susceptible of two different conclusions, the one will be adopted most favorable to the insured." *Guaranty Trust Co. v. Continental Life Ins. Co.*, 159 Wash. 683, 294 P. 585 (1930).

In Washington, "the rule regarding the duty to defend is similarly well settled…and is broader than the duty to indemnify." *Woo v. Fireman's Fund Ins. Co.*, 161 Wash.2d 43, 52, 164 P.3d 454 (2007). An insurer has a duty to defend "'when a complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability upon the insured within the policy's coverage.'" *Woo*, 161 Wash.2d 52–53 (quoting *Unigard Ins. Co. v. Leven,* 97 Wash.App. 417, 425, 983 P.2d 1155 (1999)). This duty to defend does not arise

ORDER - 5

where allegations in the underlying complaint are clearly not covered by the policy. *Campbell v. Ticor Title Ins. Co.*, 166 Wash.2d 466, 471, 209 P.3d 859 (2009). An insurer's duty to defend is triggered if the insurance policy *conceivably covers* the allegations in the complaint, whereas the duty to indemnify exists only if the policy *actually covers* the insured's liability. *Woo*, 161 Wash.2d at 53 (emphasis in original). The duty to defend thus encompasses the duty to indemnify. *See Nat'l Surety Corp. v. Immunex Corp.*, 176 Wash.2d 872, 878-79, 297 P.3d 688 (2013); *see also Atl. Cas. Ins. Co. v. Johnny's Quality Exteriors, Inc.*, 131 F. Supp. 3d 1077, n.5 (E.D. Wash. 2015).

Safeco asserts that it has no duty to defend or indemnify the Lenzes because the allegations in the Complaint clearly demonstrate an absence of coverage under the Policies. Dkt. #11 at 11. Safeco additionally asserts that even if coverage was found, the Policies' exclusions are triggered by the Lenzes' alleged knowing and intentional conduct. Dkts. #11 at 13–17, #24 at 5. The Lenzes argue that Safeco has a duty to defend them in the Underlying Action and seek indemnity for the nuisance claim because coverage under the Policies apply. *See* Dkt. #32.

    1. **Safeco's Duty to Defend Under Personal Offense**

The Complaint for the Underlying Action alleges two causes of action: "Illegal Spite Fence" and "Nuisance." Dkt. #1-1 at 5–6; see also Dkt. #11 at 15–17. Safeco argues that these two claims do not allege a Personal Offense, specifically that neither of these causes of action allege "wrongful entry" and/or "invasion of privacy." Dkt. #24 at 2. The Lenzes argue the nuisance claim is covered under these provisions, triggering Personal Offense coverage. Dkt. #21 at 2. In support, the Lenzes cite to two cases: *Kitsap Cnty. v. Allstate Ins. Co.*, 136 Wash. 2d 567, 587, 964 P.2d 1173 (1998) and *Webb v. USAA Casualty Ins. Co.*, 12 Wash.App. 433,

ORDER - 6

448, 457 P.3d 1258 (2020). Safeco argues the Court should be limited to the common law definition of "invasion of privacy." Dkt. # 24 at 4–5. Ultimately, the Court need not reach whether Personal Offense coverage applies because the exclusions under the Policies apply.

As noted above, the exclusion in the Homeowners Policy precludes coverage for any personal offense where the insured acted with knowledge that the act would violate the rights of another. Safeco argues that the allegations in the Complaint demonstrate that the Lenzes acted knowing their conduct would harm the complainants and did so for the sole "purpose" of inflicting such harm. Dkt. #11 at 17. The Lenzes argue, without supporting authority, that the application of this exclusion "requires a determination of the insured's state of mind." Dkt. #21 at 7. In their Reply in Support of Motion for Partial Summary Judgment, the Lenzes further argue that Safeco's allegation about the fence being built for harassing purposes does not create a question of fact or law to defeat their Motion for Partial Summary Judgement. Dkt. #39 at 2.

Here, the Complaint clearly alleges deliberate actions by Defendants Lenzes. It consistently alleges that the Lenzes acted with "no purpose" other than "solely to harass and annoy" the plaintiffs in the Underlying Action. Dkt #1-1 at 3. These allegations are not made by Safeco, as the Lenzes attempt to argue, but by their neighbors bringing the Underlying Action. The Court finds these allegations do not create a genuine dispute of law or fact. Therefore, there is no coverage under the Policies' clear and express exclusions for personal offenses knowingly caused by the insured.

Even if the Homeowners Policy exclusion did not apply, the alleged conduct does not constitute an "occurrence" within the meaning of the Policy. Under the common law definition of "accident," reasonably foreseeable harm resulting from deliberate conduct is not an "accident" and, thus, not an "occurrence" under the Policy at issue. *See Detweiler v. J.C.*

ORDER - 7

*Penney Cas. Ins. Co.,* 110 Wash.2d 99, 104, 751 P.2d 282 (1988). Lenz's actions could foreseeably result in those plaintiffs' "severe depression" and "substantial anxiety," and they do not argue otherwise. Dkt #1-1 at 6; *see also Safeco Ins. Co. of Am. v. Butler*, 118 Wash.2d 383, 401, 823 P.2d 499 (1992).

### 2. **Safeco's Duty to Defend Under Personal Liability**

The Umbrella Policy provides coverage under Personal Liability for "bodily injury," "personal injury," or "property damage" caused by an "occurrence." Dkt. #1-3, Policy Form P-967/WAEP 4/10 at 3. "Occurrence" is defined in the policy again as "an accident." *Id.* at 2. As discussed above, the conduct alleged in the Complaint does not constitute an "occurrence" within the meaning of the policy. Also noted above, the Umbrella Policy contains essentially the same exclusion as the Homeowners Policy for intentional conduct by the insured that "would inflict personal injury." *Id.* at 3.

For the same reasons as given above, the conduct alleged in the Complaint is not covered because 1) the Lenzes allegedly acted with knowledge, triggering the exclusion; and 2) the conduct is not an "occurrence" within the meaning of the policy language because it was not an accident. The Court agrees that Safeco has no duty to defend under Personal Liability.

The Court finds that the damages claimed in this case were not the result of an accident and are also precluded under the Policies' exclusions for intentional conduct by the insured. The Court need not address additional arguments with respect to bodily injury and property damage.

### IV.   CONCLUSION

Having considered the briefing from the parties and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Summary Judgment (Dkt. #11) is

ORDER - 8

GRANTED and Defendants' Motion for Partial Summary Judgment (Dkt. #32) is DENIED. All of Plaintiff's claims are DISMISSED.  This case is CLOSED.

DATED this 14th day of February, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 9